THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RANKIN, Appellant.—Motion to substitute counsel granted and motion to disqualify District Attorney denied. Memorandum: Defendant was convicted by judgment of County Court, Onondaga County, entered May 9, 1986, and we assigned Gerald Barth of the Hiscock Legal Aid Society to perfect defendant's appeal. Thereafter, on December 10, 1987, because of a conflict of interest reported by Mr. Barth, we relieved him of the assignment and assigned Robert Mascari, Esq. to perfect the appeal. By this motion, Mr. Mascari reports that he has accepted a position with the Onondaga County District Attorney's office and asks that we relieve him of his assignment, appoint new counsel for defendant, and appoint a special prosecutor in place of the District Attorney to represent the People on the appeal.

We will appoint new counsel to represent defendant upon the appeal but we see no reason to disqualify the District Attorney. As stated by the Court of Appeals in *Matter of Schumer v Holtzman* (60 NY2d 46, 55): "The courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence (e.g., *People v Zimmer,* 51 NY2d 390, *supra; People v Shinkle,* 51 NY2d 417, 421) and the appearance of impropriety, standing alone, might not be grounds for disqualification." Here defendant will suffer no prejudice if the District Attorney represents the People on the appeal. There is no risk of an abuse of confidence because the District Attorney, in preparing his brief, will be bound by the facts appearing in the record on appeal. Thus, he cannot take advantage, to defendant's prejudice, of any facts outside the record, but within the knowledge of defendant's attorney, Robert Mascari. Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.