THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. LASAGE, Appellant. [633 NYS2d 894] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of the murder and sexual assault of an 11-year-old girl. Defendant failed to preserve for our review his contentions that the prosecution failed to disclose *Brady* material *(see, Brady v Maryland,* 373 US 83) or to correct false testimony *(see, People v Savvides,* 1 NY2d 554) and that County Court erred in admitting the testimony of prosecution witnesses concerning other conduct of defendant solely to estab-

lish his propensity to commit the subject offenses *(see,* CPL 470.05 [2]; *People v LaDolce,* 196 AD2d 49, 57). By expressly rejecting the court's offer to deliver a curative instruction following denial of his motion for a mistrial, defendant waived his objection to the admission of unsolicited testimony of Gregory Nati concerning a conversation with defendant in which he asked defendant "why he happened to be a suspect around little girls' bodies all the time" *(see, People v Carter,* 137 AD2d 826, *lv denied* 71 NY2d 1024; *cf., People v Cruz,* 72 AD2d 748, 749). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

We conclude that defendant received a fair trial and was not denied effective assistance of counsel, based upon "the evidence, the law, and the circumstances of [his] case, viewed in totality and as of the time of the representation" *(People v Baldi,* 54 NY2d 137, 147; *see, People v Flores,* 84 NY2d 184).

We reject the contention that defendant was denied the right to conflict-free counsel. Although the Public Defender's office previously represented one prosecution witness and, at the time of trial, represented another prosecution witness on an appeal from his conviction, both on unrelated matters, defendant failed to establish that the potential conflict arising from the representation of those clients affected, operated on, or bore a substantial relation to the conduct of the defense *(see, People v Ortiz,* 76 NY2d 652; *People v Rankin,* 149 AD2d 987).

We reject defendant's further contention that the District Attorney's Office should have been disqualified because of a conflict of interest. The Public Defender undertook representation of defendant on March 7, 1994. On April 12, 1994, Robert Zucco, a part-time Assistant Public Defender, left that position and began employment in the office of the Niagara County District Attorney. Zucco had not participated in the representation of defendant and was unaware that defendant was a client of the Public Defender *(cf., People v Shinkle,* 51 NY2d 417). The Public Defender, who actively represented defendant while Zucco was employed at the Public Defender's office, stated that he did not communicate with Zucco about defendant's case. Further, the record does not reveal that Zucco, as a part-time employee, was party to a free flow of information concerning clients represented by other members of the office such that a sharing of confidences should be imputed as a matter of law *(cf., People v Wilkins,* 28 NY2d 53, 56). A public prosecutor should be disqualified "only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a

substantial risk of an abuse of confidence" *(Matter of Schumer v Holtzman,* 60 NY2d 46, 55; *see also, People v Keeton,* 74 NY2d 903, 904). Defendant failed to show that he would suffer actual prejudice by reason of Zucco's previous part-time employment in the Public Defender's office.

After imposing sentence for the subject offenses, the court stated its "understanding" that the terms of imprisonment it had imposed would run consecutively to an undischarged term of imprisonment being served in Iowa. That statement is consistent with the provision that, if the sentencing court does not specify whether the sentence shall run concurrently with or consecutive to the undischarged term, the sentence shall run consecutively to the undischarged term *(see,* Penal Law § 70.25 [4]); it did not amount to a misperception that the court lacked the discretion to direct that the terms of imprisonment run concurrently with the undischarged term. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.)