■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS SANTIAGO, Appellant. [705 NYS2d 141] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: On appeal from a judgment convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]), he contends that County Court improperly imposed an enhanced sentence without affording him an opportunity to withdraw his plea. When a defendant violates a condition of the plea agreement, the court is no longer bound by the agreement and is free to impose a greater sentence without offering defendant an opportunity to withdraw his plea (*see, People v Marshall*, 231 AD2d 893, 894, *lv denied* 89 NY2d 866; *see also, People v Cato*, 226 AD2d 1066, *lv denied* 88 NY2d 877). The court determined that defendant had violated the condition of the agreement that defendant answer truthfully all questions put to him by the court and probation officer. Defendant told the probation officer that he thought his sentence was harsh and unfair after stating during his plea colloquy that he thought his promised sentence was fair and a "good deal". Even assuming, arguendo, that this discrepancy empowered the court to enhance the sentence, we reduce the sentence as a matter of discretion in the interest of justice to the agreed upon sentence of an indeterminate term of incarceration of 6 years to life.

We reject the contention of defendant that the court improperly adjudicated him a second felony offender without affording him a hearing. Defense counsel was specifically asked if he had any objection to the procedure used and he indicated that he had none. Defendant has thus waived any objection to the procedure used by the court (*see generally, People v Lasage*, 221 AD2d 1006, *lv denied* 88 NY2d 849). In any event, there was substantial compliance with the procedural requirements of

CPL 400.21 (*see, People v Polanco,* 232 AD2d 674, 675; *see also, People v Alston,* 83 AD2d 744, 745). (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Green, A. P. J., Pine, Pigott, Jr., and Scudder, JJ.