■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM PERKINS, Appellant. [738 NYS2d 274] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered October 8, 1999, convicting defendant upon his plea of guilty of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant pleaded guilty to robbery in the first degree (Penal Law §§ 20.00, 160.15 [2]) and failed to appear for the scheduled sentencing. He was apprehended approximately two years later and was sentenced at that time. Defendant failed to preserve for our review his contention that County Court erred in failing to order an updated presentence investigation (*see,* CPL 470.05 [2]), and in any event that contention is without merit. The court was fully informed of defendant's activities during the intervening period and thus an updated report was not necessary (*see, People v Somers,* 280 AD2d 925, *lv denied* 96 NY2d 806; *People v Reaves,* 216 AD2d 945, *lv denied* 86 NY2d 801). Defendant failed to object to the enhanced sentence or to move to withdraw his plea or vacate the judgment of conviction based upon the imposition of the enhanced sentence and thus failed to preserve for our review his further contention that the court abused its discretion in imposing an enhanced sentence (*see, People v Perry,* 252 AD2d 990, *lv denied* 92 NY2d 929). In any event, that contention also lacks merit. In rejecting the prosecutor's request that the maximum sentence be imposed, the court acknowledged that defendant's life was threatened prior to the original sentencing date, but further acknowledged that the court had strongly admonished defendant that his failure to appear for sentencing or to cooperate in the prosecution of his codefendants would result in an enhanced sentence. Thus, the court did not abuse its discretion in refusing to impose the agreed-upon term of incarceration of 3 to 6 years and instead imposing an enhanced term of incarceration of 5 to 10 years. The sentence is neither unduly harsh nor severe. Present—Hayes, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.