■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALLAS E. ANDERSON, Appellant. [747 NYS2d 828] —Appeal from a judgment of Livingston County Court (Alonzo, J.), entered June 24, 1999, convicting defendant upon his plea of guilty of attempted promoting prison contraband in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant contends that County Court erred in imposing the mandatory surcharge and crime victim assistance fee (Penal Law § 60.35 [former (1)]) because the surcharge and fee were not mentioned during the plea colloquy. Defendant failed to preserve his contention for our review (*see People v Prihett,* 279 AD2d 335; *see also People v Haymer,* 237 AD2d 304, *lv denied* 90 NY2d 894) and, in any event, it is without merit. The transcript of the plea proceeding establishes that the prosecutor set forth the terms of the plea agreement, which specifically included the "penalty assessment" at issue. The further contention of defendant that he received ineffective assistance of counsel because defense counsel may not have been aware of the mandatory surcharge and crime victim assistance fee is similarly without merit. After the prosecutor set forth the terms of the plea agreement, defense counsel agreed that those were the terms of the plea agreement. Present—Pine, J.P., Hayes, Kehoe, Gorski and Lawton, JJ.