■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER VAILLANT, Appellant. [908 NYS2d 798]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 22, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of stolen property in the fifth degree (Penal Law § 165.40), defendant contends

that Supreme Court erred in imposing an enhanced sentence without affording him an opportunity to withdraw his plea. That contention is not preserved for our review because defendant did not object to the enhanced sentence, nor did he move to withdraw the plea or to vacate the judgment of conviction (*see People v Fortner*, 23 AD3d 1058 [2005]; *People v Sundown*, 305 AD2d 1075 [2003]). In any event, that contention lacks merit. "When a defendant violates a condition of the plea agreement, the court is no longer bound by the agreement and is free to impose a greater sentence without offering [the] defendant an opportunity to withdraw his [or her] plea" (*People v Santiago*, 269 AD2d 770, 770 [2000]; *see People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Cato*, 226 AD2d 1066 [1996], *lv denied* 88 NY2d 877 [1996]). The court's "review of the presentence report provided a sufficient basis for the court to depart from the original sentencing promise" (*People v Barahona*, 51 AD3d 682 [2008]), and we conclude that the court did not abuse its discretion in imposing an enhanced sentence (*see People v Bush*, 30 AD3d 1078 [2006], *lv denied* 7 NY3d 785 [2006]).

Defendant also failed to preserve for our review his contention that the court abused its discretion in denying his request for youthful offender status (*see People v Fields*, 38 AD3d 1269 [2007], *lv denied* 8 NY3d 984 [2007]; *People v Waleski*, 28 AD3d 1159 [2006]). In any event, that contention lacks merit (*see People v Washpun*, 41 AD3d 1233 [2007], *lv denied* 9 NY3d 883 [2007]; *People v Potter*, 13 AD3d 1191 [2004], *lv denied* 4 NY3d 889 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Peradotto, Sconiers and Pine, JJ.