■ The People of the State of New York, Respondent, v Jon T. Magliocco, Appellant. [910 NYS2d 745]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 29, 2008. The judgment convicted defendant, upon his plea of guilty, of unlawful surveillance in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his guilty plea of unlawful surveillance in the second degree (Penal Law § 250.45 [3] [a]), defendant contends that County Court erred in imposing an enhanced sentence without affording him an opportunity to withdraw his plea. The record establishes that the court informed defendant during the plea proceeding that it would not be obligated to impose the promised sentence, pending its review of the presentence report, and at sentencing the court informed defendant that it was enhancing the sentence based upon that review. By failing to object to the enhanced sentence or to move to vacate his plea, defendant failed to preserve his contention for our review (*see People v VanDeViver*, 56 AD3d 1118 [2008], *lv denied* 11 NY3d 931 [2009], *reconsideration denied* 12 NY3d 788 [2009]). In any event, "there was no need for [the court] to afford defendant an opportunity" to withdraw the plea before imposing an enhanced sentence inasmuch as the court was not bound by the plea promise upon reviewing the presentence report (*People v Figgins*, 87 NY2d 840, 841 [1995]). We further conclude that the enhanced sentence is not unduly harsh or severe. Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.