■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWOIN D. GOODMAN, Appellant. [911 NYS2d 688]—

---

Cardona, P.J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered October 22, 2009, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant pleaded guilty to burglary in the third degree with the understanding that, as a second felony offender, he would be sentenced to a prison term of 2 to 4 years in accordance with the negotiated plea agreement. Defendant was released on his own recognizance with an admonishment by County Court that if he did not appear at the scheduled sentencing the court would not be bound by the plea agreement. Thereafter, defendant did not appear for sentencing, a bench warrant was issued and, upon his arrest and return to court, defendant was sentenced to a prison term of 3 to 6 years.

By failing to appear at the scheduled sentencing, defendant violated the terms of the plea agreement and County Court was no longer bound by the agreed-upon sentence (*see People v Figgins*, 87 NY2d 840, 841 [1995]). Notwithstanding defendant's proffered excuse for his absence, we find that the court was justified in imposing the enhanced sentence (*see id.*; *People v Thomas*, 56 AD3d 815, 816 [2008]). To the extent that defendant challenges the enhanced sentence as harsh and excessive, the record reveals no abuse of discretion or any extraordinary circumstances to warrant a reduction of the sentence in the interest of justice (*see People v Favor*, 49 AD3d 915, 916 [2008]; *People v Walker*, 30 AD3d 823, 823-824 [2006]).

Peters, Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.