■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KUMAR S. JONES, Also Known as QUMAR JONES, Also Known as JESUS, Appellant. [917 NYS2d 445]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered March 11, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the first degree (Penal Law § 120.10 [1]). Defendant failed to preserve for our review his contention that County Court was biased against him (*see* CPL 470.05 [2]; *People v Prado*, 4 NY3d 725 [2004], *rearg denied* 4 NY3d 795 [2005]), and we decline to exercise our power to review that contention as a matter of

discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to the further contentions of defendant, we conclude that the court did not abuse its discretion in denying his requests for adjournments (*see People v Green*, 74 AD3d 1899, 1900-1901 [2010], *lv denied* 15 NY3d 852 [2010]), and that the court did not penalize him for exercising his right to a trial when it imposed a longer term of incarceration than that offered during plea negotiations. "The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial . . . , and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial" (*People v Brink*, 78 AD3d 1483, 1485 [2010] [internal quotation marks omitted]). Indeed, " '[w]here, as here, separate acts are committed against different victims during the same criminal transaction, the court may properly impose consecutive sentences in the exercise of its discretion' " (*People v Peterson*, 71 AD3d 1419, 1420 [2010], *lv denied* 14 NY3d 891 [2010]), and the sentence imposed in this case is not unduly harsh or severe.

Defendant contends in his pro se supplemental brief that the prosecutor failed to correct the testimony of three witnesses that was allegedly inconsistent with their prior statements to the police (*see People v Hendricks*, 2 AD3d 1450, 1451 [2003], *lv denied* 2 NY3d 762 [2004]), and that he was denied a fair trial by prosecutorial misconduct on summation (*see People v Bork*, 77 AD3d 1278 [2010]). Defendant failed to preserve those contentions for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the contention of defendant in his pro se supplemental brief that he was *denied effective assistance* of counsel is based upon matters outside the record and is thus properly raised by way of a motion pursuant to CPL article 440 (*see People v Jones*, 63 AD3d 1582, 1583 [2009], *lv denied* 13 NY3d 797 [2009]). Present—Scudder, P.J., Smith, Green, Pine and Gorski, JJ.