THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY L. WINTERS, Appellant. [919 NYS2d 438]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [former (ii)]), and he contends that County Court erred in imposing an enhanced sentence without affording him an opportunity to withdraw his plea. We reject that contention. The record establishes that the court informed defendant during the plea proceeding that it could impose an enhanced sentence in the event that he failed to appear at sentencing. "By failing to appear at the scheduled sentencing, defendant violated the terms of the plea agreement and [the c]ourt was no longer bound by the agreed-upon sentence . . . Notwithstanding defendant's proffered excuse for his absence, we [conclude] that the court was justified in imposing the enhanced sentence" (*People v Goodman*, 79 AD3d 1285, 1286 [2010]; *see People v Goldstein*, 12 NY3d 295, 301 [2009]; *People v Perkins*, 291 AD2d 925 [2002], *lv denied* 98 NY2d 654 [2002]). The sentence is not unduly harsh or severe.

In his pro se supplemental brief, defendant contends that he was denied effective assistance of counsel because the attorney assigned to represent him at sentencing failed to take notes during a conversation with defendant and failed to inform the court, during a conference in chambers, of issues that defendant wished to be addressed. That contention is based upon matters outside the record on appeal and is thus properly raised by way of a motion pursuant to CPL article 440 (*see People v Jones*, 79 AD3d 1773 [2010]; *People v Manuel*, 79 AD3d 1817 [2010]). De-

fendant further contends that the attorney assigned to represent him at sentencing made statements adverse to defendant during the sentencing proceeding. Even assuming, arguendo, that the attorney took a position adverse to defendant, we conclude that reversal is not warranted because the statements in question did not "contribute to any rulings against defendant" (*People v Guerra-Pena*, 46 AD3d 1469 [2007], *lv denied* 10 NY3d 765 [2008]; *see People v Moye*, 13 AD3d 1123 [2004], *lv denied* 4 NY3d 833 [2005]).

We have reviewed the remaining contention of defendant in his pro se supplemental brief and conclude that it is without merit. Present—Scudder, P.J., Smith, Peradotto, Lindley and Green, JJ.