# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

390
KA 10-00665
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND GREEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

RICKY L. WINTERS, DEFENDANT-APPELLANT.

TIMOTHY J. BRENNAN, AUBURN, FOR DEFENDANT-APPELLANT.

RICKY L. WINTERS, DEFENDANT-APPELLANT PRO SE.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (DIANE M. ADSIT OF
COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Cayuga County Court (Thomas G.
Leone, J.), rendered December 10, 2009. The judgment convicted
defendant, upon his plea of guilty, of driving while intoxicated, a
class D felony (two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon his plea of guilty of two counts of felony driving while
intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]
[former (ii)]), and he contends that County Court erred in imposing an
enhanced sentence without affording him an opportunity to withdraw his
plea. We reject that contention. The record establishes that the
court informed defendant during the plea proceeding that it could
impose an enhanced sentence in the event that he failed to appear at
sentencing. "By failing to appear at the scheduled sentencing,
defendant violated the terms of the plea agreement and [the c]ourt was
no longer bound by the agreed-upon sentence . . . Notwithstanding
defendant's proffered excuse for his absence, we [conclude] that the
court was justified in imposing the enhanced sentence" (*People v
Goodman*, 79 AD3d 1285, 1286; *see People v Goldstein*, 12 NY3d 295, 301;
*People v Perkins*, 291 AD2d 925, *lv denied* 98 NY2d 654). The sentence
is not unduly harsh or severe.

In his pro se supplemental brief, defendant contends that he was
denied effective assistance of counsel because the attorney assigned
to represent him at sentencing failed to take notes during a
conversation with defendant and failed to inform the court, during a
conference in chambers, of issues that defendant wished to be
addressed. That contention is based upon matters outside the record

on appeal and is thus properly raised by way of a motion pursuant to CPL article 440 (*see People v Jones*, 79 AD3d 1773; *People v Manuel*, 79 AD3d 1817).  Defendant further contends that the attorney assigned to represent him at sentencing made statements adverse to defendant during the sentencing proceeding.  Even assuming, arguendo, that the attorney took a position adverse to defendant, we conclude that reversal is not warranted because the statements in question did not "contribute to any rulings against defendant" (*People v Guerra-Pena*, 46 AD3d 1469, *lv denied* 10 NY3d 765; *see People v Moye*, 13 AD3d 1123, *lv denied* 4 NY3d 833).

We have reviewed the remaining contention of defendant in his pro se supplemental brief and conclude that it is without merit.

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court