# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**301**

**KA 08-01759**

PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ALVIS D. SPRAGUE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

ALVIS D. SPRAGUE, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered June 5, 2008. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35 [1]), defendant contends in his pro se supplemental brief that County Court erred in imposing an enhanced sentence without affording him an opportunity to withdraw his plea. That contention is not preserved for our review because defendant did not object to the enhanced sentence, nor did he move to withdraw the plea or to vacate the judgment of conviction (*see People v Fortner*, 23 AD3d 1058; *People v Sundown*, 305 AD2d 1075). In any event, defendant's contention lacks merit. "When a defendant violates a condition of the plea agreement, the court is no longer bound by the agreement and is free to impose a greater sentence without offering [the] defendant an opportunity to withdraw his [or her] plea" (*People v Santiago*, 269 AD2d 770, 770; *see People v Figgins*, 87 NY2d 840; *People v Cato*, 226 AD2d 1066, *lv denied* 88 NY2d 877). The record establishes that defendant was clearly informed of the consequences of his failure to appear at sentencing and the date on which sentencing was scheduled, and he nevertheless failed to appear on that date. The remaining contentions of defendant in his pro se supplemental brief are without merit. Contrary to the contention of defendant in his main brief, the sentence is not unduly

harsh or severe.