NYS2d 890]—

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]) and driving while intoxicated (§ 1192 [3]), defendant contends that County Court erred in imposing an enhanced sentence based upon his arrest for a new offense following the entry of his plea and prior to sentencing. By failing to object to the enhanced sentence or to move to withdraw the plea or to vacate the judgment of conviction, however, defendant failed to preserve that contention for our review (*see People v Sprague*, 82 AD3d 1649 [2011], *lv denied* 17 NY3d 801 [2011]; *People v Magliocco*, 78 AD3d 1648 [2010], *lv denied* 16 NY3d 798 [2011]). In any event, because defendant did not deny that he committed the new offense or otherwise challenge the validity of his postplea arrest, the court was not obligated to conduct an inquiry to determine whether there was a lawful basis for the new arrest before imposing an enhanced sentence (*see People v Hendrix*, 62 AD3d 1261 [2009], *lv denied* 12 NY3d 925 [2009]; *People v Huggins*, 45 AD3d 1380 [2007], *lv denied* 9 NY3d 1006 [2007]; *see generally People v Outley*, 80 NY2d 702, 713 [1993]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

RAY ROBINSON, Individually and as Parent and Natural Guardian of RAYSHAWN ROBINSON, Appellant, v RODNEY JOHNSON, JR., Respondent. [934 NYS2d 891]—

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.

LMIII REALTY, LLC, et al., Respondents, v GEMINI INSURANCE COMPANY, Appellant, et al., Defendant. (Appeal No. 1.) [934 NYS2d 892]—