# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1290**

**KA 09-02656**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DENNIS MILLS, ALSO KNOWN AS DENNIS J. MILLS,
DEFENDANT-APPELLANT.

---

JOSEPH T. JARZEMBEK, BUFFALO, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 2, 2009. The judgment convicted defendant, upon his plea of guilty, of misdemeanor driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and driving while ability impaired.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]) and driving while intoxicated (§ 1192 [3]), defendant contends that County Court erred in imposing an enhanced sentence based upon his arrest for a new offense following the entry of his plea and prior to sentencing. By failing to object to the enhanced sentence or to move to withdraw the plea or to vacate the judgment of conviction, however, defendant failed to preserve that contention for our review (*see People v Sprague*, 82 AD3d 1649, *lv denied* 17 NY3d 801; *People v Magliocco*, 78 AD3d 1648, *lv denied* 16 NY3d 798). In any event, because defendant did not deny that he committed the new offense or otherwise challenge the validity of his postplea arrest, the court was not obligated to conduct an inquiry to determine whether there was a lawful basis for the new arrest before imposing an enhanced sentence (*see People v Hendrix*, 62 AD3d 1261, *lv denied* 12 NY3d 925; *People v Huggins*, 45 AD3d 1380, *lv denied* 9 NY3d 1006; *see generally People v Outley*, 80 NY2d 702, 713).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court