# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1364**
**KA 10-00551**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

SHAMEL X. SMITH, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 9, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the fourth degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the period of postrelease supervision imposed on each count to a period of one year and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, three counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and four counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). As part of the plea agreement, Supreme Court stated that it would sentence defendant to concurrent five-year terms of imprisonment with a one-year period of postrelease supervision. We agree with defendant that the court erred in enhancing the sentence by imposing a 1½-year period of postrelease supervision that was not included in the plea agreement (*see generally People v Pickett*, 90 AD3d 1526, 1527). Although defendant failed to preserve his contention for our review "because [he] did not object to the enhanced sentence, nor did he move to withdraw the appeal or to vacate the judgment of conviction" (*People v Sprague*, 82 AD3d 1649, 1649, *lv denied* 17 NY3d 801), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by reducing the period of postrelease supervision to one year. As modified, the

sentence is not unduly harsh or severe.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court