# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1421

KA 11-02317

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DENNIS SCOTT, DEFENDANT-APPELLANT.

---

ADAM H. VAN BUSKIRK, AURORA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered September 20, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Although defendant's contention that County Court erred in failing to hold an *Outley* hearing to determine the legality of his postplea arrest survives his valid waiver of the right to appeal (*see People v Arrington*, 94 AD3d 903, 903; *People v Peck*, 90 AD3d 1500, 1501; *People v Butler*, 49 AD3d 894, 895, *lv denied* 10 NY3d 932, *reconsideration denied* 11 NY3d 830), that contention is nevertheless unpreserved for our review inasmuch as he failed to request such a hearing and did not move to withdraw his plea on that ground (*see People v Anderson*, 99 AD3d 1239, 1239; *People v Bragg*, 96 AD3d 1071, 1071; *Arrington*, 94 AD3d at 903). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), particularly in light of defendant's admission that, less than three weeks after pleading guilty, he purchased and possessed heroin in violation of an express condition of the plea agreement.

Defendant likewise failed to preserve for our review his contention that the court erred in imposing an enhanced sentence without affording him an opportunity to withdraw his plea because he did not object to the enhanced sentence, nor did he move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Sprague*, 82 AD3d 1649, 1649, *lv denied* 17 NY3d 801; *People v Magliocco*, 78 AD3d 1648, 1649, *lv denied* 16 NY3d 798). In any event,

that contention lacks merit.  The record establishes that defendant "was clearly informed of the consequences of his failure" to abide by the conditions of his plea agreement (*Sprague*, 82 AD3d at 1649; *see People v Winters*, 82 AD3d 1691, 1691, *lv denied* 17 NY3d 810).  Thus, upon defendant's violation of a condition of the plea agreement, the court was "no longer bound by the agreement and [was] free to impose a greater sentence without offering . . . defendant an opportunity to withdraw his . . . plea" (*Sprague*, 82 AD3d at 1649 [internal quotation marks omitted]; *see People v Faso*, 82 AD3d 1584, 1584, *lv denied* 17 NY3d 816, *reconsideration denied* 17 NY3d 952; *People v Vaillant*, 77 AD3d 1389, 1390).

Defendant further contends that the sentence is unduly harsh and severe given his age, health, and drug addiction.  That contention is properly before us despite defendant's valid waiver of the right to appeal because the court "failed to advise defendant of the potential periods of incarceration that could be imposed, including the potential periods of incarceration for an enhanced sentence . . . , before he waived his right to appeal" (*People v Trisvan*, 8 AD3d 1067, 1067, *lv denied* 3 NY3d 682; *see People v Huggins*, 45 AD3d 1380, 1380-1381, *lv denied* 9 NY3d 1006; *People v Mack*, 38 AD3d 1292, 1293).  We nevertheless reject defendant's contention.  Defendant has a lengthy criminal history, which includes convictions of petit larceny, criminal sale of a controlled substance, and robbery.  The statement of defendant that he is HIV positive, without any additional information as to the state of his health, is insufficient to warrant a reduction of the sentence.  Defendant is only 56 years old and, contrary to his contention, the seven-year sentence does not equate to a de facto death sentence (*see People v Spitzley*, 303 AD2d 837, 838, *lv denied* 100 NY2d 599; *People v Jones*, 290 AD2d 726, 727, *lv denied* 97 NY2d 756).  Moreover, the circumstances defendant cites on appeal, i.e., his age, health, and drug addiction, were before the court at the time of sentencing (*see People v Tasber*, 273 AD2d 542, 543, *lv denied* 95 NY2d 858).  Thus, defendant has not established "extraordinary circumstances . . . that would warrant a reduction of the sentence as a matter of discretion in the interest of justice" (*People v Taplin*, 1 AD3d 1044, 1046, *lv denied* 1 NY3d 635 [internal quotation marks omitted]; *see generally People v McGarry*, 219 AD2d 744, 744, *lv denied* 87 NY2d 848).

Finally, we reject defendant's unsupported contention that the court punished him for his heroin addiction.

Entered:  December 28, 2012                     Frances E. Cafarell
                                                 Clerk of the Court