# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**148**
**KA 10-00361**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

RALPH T. GERALD, DEFENDANT-APPELLANT.

---

KIMBERLY J. CZAPRANSKI, INTERIM CONFLICT DEFENDER, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (HANNAH STITH LONG OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered February 2, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the determinate term of imprisonment to a term of four years and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that his plea was not knowing, voluntary and intelligent because Supreme Court failed to advise him that, upon his guilty plea, he would be required to pay a mandatory surcharge and a DNA databank fee and that his driver's license would be suspended for six months. Defendant's contentions are not preserved for our review because he did not move to withdraw his plea or move to vacate the judgment of conviction on those grounds (*see People v Young*, 81 AD3d 995, 996, *lv denied* 16 NY3d 901; *People v Anderson*, 298 AD2d 869, 869, *lv denied* 99 NY2d 554). In any event, those contentions are without merit. Although "a trial court has no obligation to explain to defendants who plead guilty the possibility that collateral consequences may attach to their criminal convictions, the court must advise a defendant of the direct consequences of the plea" (*People v Catu*, 4 NY3d 242, 244). "The direct consequences of a plea—those whose omission from a plea colloquy makes the plea per se invalid—are essentially the core components of a defendant's sentence" (*People v Harnett*, 16 NY3d 200, 205). A mandatory surcharge and DNA databank fee are not components of defendant's sentence (*see People v Hoti*, 12 NY3d 742, 743). Thus, "the court's failure [here] to pronounce the surcharge and fee[] prior

to the entry of defendant's plea did not deprive . . . defendant of the opportunity to knowingly, voluntarily and intelligently choose among alternative courses of action" (*id.*).  Contrary to defendant's further contention, his plea was not rendered involuntary because the court failed to advise him that his conviction would result in a six-month suspension of his driver's license.  The loss of a driver's license is also a collateral consequence of a conviction and thus the court's failure to disclose that consequence during the plea colloquy does not warrant vacatur of the plea (*see People v Ford*, 86 NY2d 397, 403).

Defendant failed to preserve for our review his contention that the court erred in imposing an enhanced sentence without affording him an opportunity to withdraw his plea because defendant did not object to the enhanced sentence, nor did he move to withdraw the plea or to vacate the judgment on that ground (*see People v Sprague*, 82 AD3d 1649, 1649, *lv denied* 17 NY3d 801; *People v Vaillant*, 77 AD3d 1389, 1390).  In any event, that contention lacks merit.  The record establishes that, at the time of his guilty plea, defendant "was clearly informed of the consequences of his failure to appear at sentencing and the date on which sentencing was scheduled, and he nevertheless failed to appear on that date" (*Sprague*, 82 AD3d at 1649).  Thus, upon defendant's violation of a condition of the plea agreement, the court was "no longer bound by the agreement and [was] free to impose a greater sentence without offering defendant an opportunity to withdraw his plea" (*People v Santiago*, 269 AD2d 770, 770; *see People v Figgins*, 87 NY2d 840, 841).  Moreover, the court was not required to conduct further inquiry into the cause of defendant's absence from a scheduled sentencing hearing because, "had there been any plausible [medical] reason for defendant's failure to appear on the . . . prior scheduled sentencing date[], it is to be expected that defendant would have been prepared at sentencing with some supporting documentation, particularly after a warrant had been issued to secure his appearance" (*People v Goldstein*, 12 NY3d 295, 301; *see People v Winters*, 82 AD3d 1691, 1691, *lv denied* 17 NY3d 810).

Insofar as defendant contends that defense counsel was ineffective because he failed to produce documentary evidence that would have explained defendant's failure to appear at a scheduled sentencing hearing, that contention concerns matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see generally People v Johnson*, 81 AD3d 1428, 1428, *lv denied* 16 NY3d 896).  Insofar as defendant otherwise contends that he was denied his right to effective assistance of counsel, that contention does not survive the plea of guilty because "[t]here is no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869 [internal quotation marks omitted]).

We agree with defendant, however, that the sentence is unduly harsh and severe with respect to the imposition of a determinate term of imprisonment of seven years.  As a matter of discretion in the

interest of justice (*see* CPL 470.15 [6] [b]), we therefore modify the judgment by reducing the determinate term of imprisonment to a term of four years.

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court