# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

257
KA 14-00226
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

WILLIAM D. BLAKE, DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (NATHAN J. GARLAND OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered July 30, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree (two counts), criminal sale of a controlled substance in the fifth degree (two counts), and criminal possession of a controlled substance in the fifth degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, two counts of criminal sale of a controlled substance in the fourth degree (Penal Law § 220.34 [1]), defendant contends that County Court erred in imposing an enhanced sentence, based on his failure to appear at sentencing, without affording him an opportunity to withdraw his plea. "That contention is not preserved for our review because defendant did not object to the enhanced sentence, nor did he move to withdraw the plea or to vacate the judgment of conviction" on that ground (*People v Sprague*, 82 AD3d 1649, 1649, *lv denied* 17 NY3d 801; *see People v Mills*, 90 AD3d 1518, 1518, *lv denied* 18 NY3d 960; *People v Perkins*, 291 AD2d 925, 926, *lv denied* 98 NY2d 654). In any event, defendant's contention lacks merit. The record establishes that the court informed defendant during the plea proceeding that it could impose an enhanced sentence in the event that he failed to appear at sentencing. "By failing to appear at the scheduled sentencing, defendant violated the terms of the plea agreement and [the c]ourt was no longer bound by the agreed-upon sentence . . . Notwithstanding defendant's proffered excuse for his absence, we [conclude] that the court was justified in imposing the enhanced sentence" (*People v Goodman*, 79 AD3d 1285, 1286; *see People v Goldstein*, 12 NY3d 295, 301; *Perkins*, 291 AD2d at 926). Furthermore, the court was not required to conduct further inquiry into the reason for defendant's absence from the scheduled sentencing

proceeding because, "had there been any plausible . . . reason for defendant's failure to appear on the . . . scheduled sentencing date[], it is to be expected that defendant would have been prepared at [the rescheduled] sentencing with some supporting documentation, particularly after a warrant had been issued to secure his appearance" (*Goldstein*, 12 NY3d at 301; *see People v Winters*, 82 AD3d 1691, 1691, *lv denied* 17 NY3d 810).

The sentence is not unduly harsh or severe.

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court