■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE CORBIN, Appellant. [35 NYS3d 652]—Appeal by the defendant, as limited by his motion, from an amended sentence of the County Court, Westchester County (Colangelo, J.), imposed July 18, 2007, revoking a sentence of probation previously imposed by the same court (West, J.), upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree, on the ground that the amended sentence was excessive.

Ordered that the appeal is dismissed as academic.

The record indicates that the maximum expiration date of the defendant's amended sentence has expired. Accordingly, the appeal has been rendered academic (*see People v Gonzalez*, 113 AD3d 792 [2014]; *People v Hernandez*, 108 AD3d 640, 641 [2013]; *People v Conklin*, 46 AD3d 698, 698 [2007]; *see also People v Verdejo*, 112 AD3d 761 [2013]; *People v Waddy*, 240 AD2d 521 [1997]). Eng, P.J., Balkin, Hall, Cohen and Maltese, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIENVENIDO CUSTODIO, Appellant. [35 NYS3d 657]—Appeal by the defendant from a sentence of the Supreme Court, Queens County (Kron, J.), imposed November 13, 2013, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v DeSimone*, 80 NY2d 273, 283 [1992]; *People v Sulsona*, 134 AD3d 861, 861 [2015]) and, thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Leventhal, Cohen, LaSalle and Barros, JJ., concur.