# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

250
KA 14-00990
PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WAYNE A. PRYCE, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (CHRIS EAGGLESTON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered January 11, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), we reject defendant's challenge to County Court's acceptance of the guilty plea. Defendant's contention that his plea was not knowingly, voluntarily, or intelligently entered because he did not personally recite the elements of the crime to which he pleaded guilty is actually a challenge to the factual sufficiency of the plea allocution, and that contention is not preserved for our review inasmuch as defendant did not move to withdraw his plea or to vacate the judgment of conviction (*see People v Loper*, 118 AD3d 1394, 1395, *lv denied* 25 NY3d 1204; *see also People v Rinker*, 141 AD3d 1177, 1177, *lv denied* 28 NY3d 1030). Contrary to defendant's contention, we conclude that this case does not fall within the narrow exception to the preservation requirement (*see People v Bonacci*, 119 AD3d 1348, 1349, *lv denied* 24 NY3d 1042; *see generally People v Lopez*, 71 NY2d 665, 666-667). In any event, the court was not required to have defendant personally recite the facts underlying the crime during the plea colloquy where, as here, the record establishes that defendant confirmed the accuracy of the court's recitation of the facts underlying the crime (*see People v Gordon*, 98 AD3d 1230, 1230, *lv denied* 20 NY3d 932). Moreover, the fact that defendant gave " 'monosyllabic responses to [the court's] questions did not render the plea invalid' " (*id.* at 1230).

Defendant additionally contends that the court erred in imposing an enhanced sentence based on his failure to appear at sentencing without affording him an opportunity to withdraw his plea. That contention is not preserved for our review inasmuch as defendant did not object to the enhanced sentence, and he did not move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Sprague*, 82 AD3d 1649, 1649, *lv denied* 17 NY3d 801; *see also People v Blake*, 126 AD3d 1375, 1375-1376, *lv denied* 26 NY3d 1143). In any event, the record establishes that the court informed defendant during the plea proceeding that it could and would impose an enhanced sentence in the event that he failed to appear at sentencing. Thus, "[b]y failing to appear at the scheduled sentencing, defendant violated the terms of the plea agreement[,] and the court was no longer bound by the agreed-upon sentence" (*People v Goodman*, 79 AD3d 1285, 1286; *see Blake*, 126 AD3d at 1376).

We have considered defendant's challenge to the severity of his sentence and conclude that it is without merit.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court