The People of the State of New York, Respondent,
against
Tina Davis, Appellant.




Rockland County Public Defender (Ellen O'Hara Woods, Esq.), for appellant.
District Attorney Rockland County (Carrie A. Ciganek), for respondent.

Appeal, as limited by the brief, from sentences of the Justice Court of the Village of Spring Valley, Rockland County (Alan M. Simon, J.), both imposed May 29, 2014, upon defendant's convictions of criminal possession of marihuana in the fifth degree and criminal contempt in the second degree, respectively, upon her pleas of guilty, on the ground that the sentences were excessive.




ORDERED that the appeal is dismissed as academic.
On March 6, 2014, insofar as is relevant to this appeal, defendant pleaded guilty to two charges—criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]) and criminal contempt in the second degree (Penal Law § 215.50 [3]). The court sentenced defendant to concurrent terms of incarceration of 60 days on the marihuana charge and 60 days on the criminal contempt charge. The court stayed execution of the sentence until March 13, 2014 and told defendant that if she was arrested between March 6, 2014 and the date of execution of the sentence, March 13, 2014, she would be sentenced to a term that the court believed was appropriate. Defendant understood what the court stated. It is undisputed that, on March 12, 2014, defendant was arrested on charges of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20), a felony, and criminal mischief in the fourth degree (Penal Law § 145.00 [1]), a misdemeanor. On May 29, 2014, the court imposed concurrent sentences of 90 days of incarceration on the conviction of criminal possession of marihuana in the fifth degree and 11 months of incarceration on the conviction of criminal contempt in the second degree. No stay of the sentences was granted pending the hearing and determination of the appeal.
As the maximum expiration date of defendant's sentence has expired, the appeal has been [*2]rendered academic (see People v Corbin, 141 AD3d 730 [2016]; People v Colon, 129 AD3d 740 [2015]; People v Conklin, 46 AD3d 698 [2007]; People v Nicholson, 31 AD3d 468, 469 [2006]; People v Marrow, 52 Misc 3d 136[A], 2016 NY Slip Op 51046[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Accordingly, the appeal is dismissed as academic (see People v Corbin, 141 AD3d 730; People v King, 123 AD3d 738, 738-739 [2014]).
Marano, P.J., Tolbert and Brands, JJ., concur.