People v Sofo (2022 NY Slip Op 01052)





People v Sofo


2022 NY Slip Op 01052


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-08672

[*1]The People of the State of New York, respondent,
v
Frank Sofo, appellant. 


Marianne Karas, Thornwood, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Steven A. Bender and Jill Oziemblewski of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered May 22, 2018, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous convictions of promoting an obscene sexual performance by a child and possessing an obscene sexual performance by a child.
ORDERED that the amended judgment is affirmed.
Inasmuch as the maximum expiration date of the defendant's amended sentence has passed, the defendant's contention that the sentence imposed was excessive has been rendered academic (see People v Reyes, 74 NY2d 837, 838; People v Reyes-Lopez, 189 AD3d 1269; People v Corbin, 141 AD3d 730; People v Gonzalez, 113 AD3d 792, 793).
The defendant's contention that he was deprived of due process by the delay in his appeal caused by the substitutions of assigned appellate counsel is not properly before this Court on his appeal from the amended judgment (see CPL 470.15[1]; People v Womack, 90 NY2d 974, 975; cf. People v Cousart, 58 NY2d 62, 68-69).
To the extent that the defendant contends that he was not advised of the possibility that his sentence of probation could be revoked, and under what conditions, this contention is unpreserved for appellate review. The defendant did not object to the sentence of imprisonment, move to withdraw his admission to the probation violation, or move to vacate the amended judgment on this ground (see People v Diaz, 164 AD3d 829, 830; People v Blake, 126 AD3d 1375; People v Alvarez, 26 AD3d 442). In any event, the defendant's contention is without merit. The record includes a written advisement, signed by the defendant, which states that the sentence of probation could be revoked if the defendant violated the conditions of probation, which conditions are enumerated therein and in an additional document, also signed by the defendant, pertaining to special conditions imposed due to his status as a sex offender (see generally People v Diaz, 164 AD3d at 830).
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court