People v Rossborough (2024 NY Slip Op 02617)

People v Rossborough

2024 NY Slip Op 02617

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND KEANE, JJ.

79 KA 23-00857

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHAN C. ROSSBOROUGH, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Jennifer M. Noto, J.), rendered February 16, 2023. The judgment convicted defendant upon a plea of guilty of forgery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of forgery in the second degree (Penal Law § 170.10 [1]). Although defendant "could not have brought a CPL 220.60 (3) plea withdrawal motion . . . because the plea and sentence occurred during the same proceeding" (People v Tyrell, 22 NY3d 359, 364 [2013]; see generally CPL 220.60 [3]), defendant did not move to vacate the judgment of conviction and thus failed to preserve for our review his contention that, based on his alleged mental illness and the alleged insufficiency of the plea colloquy, his guilty plea was not voluntarily, knowingly and intelligently entered (see People v Williams, 124 AD3d 1285, 1285 [4th Dept 2015], lv denied 25 NY3d 1078 [2015]; see generally People v Peque, 22 NY3d 168, 182 [2013], cert denied 574 US 840 [2014]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Thompson, 206 AD3d 1628, 1629 [4th Dept 2022], lv denied 38 NY3d 1153 [2022]). Furthermore, this case does not fall within the rare exception to the preservation requirement set forth in Lopez (71 NY2d at 666).
In any event, defendant's contention is without merit. The Court of Appeals has "said repeatedly that there is no requirement for a uniform mandatory catechism of pleading defendants" (People v Seeber, 4 NY3d 780, 781 [2005] [internal quotation marks omitted]). Thus, contrary to defendant's contention, his " 'yes' and 'no' answers during the plea colloqu[y] do not invalidate [his] guilty plea[ ]" (People v Stutzman, 158 AD3d 1294, 1295 [4th Dept 2018], lv denied 31 NY3d 1122 [2018] [internal quotation marks omitted]; see People v Pryce, 148 AD3d 1629, 1630 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]). Further, "[t]here is no indication in the record that defendant was unable to understand the proceedings or that he was mentally incompetent at the time he entered his guilty plea" (Williams, 124 AD3d at 1286 [internal quotation marks omitted]; see generally People v Robinson, 39 AD3d 1266, 1267 [4th Dept 2007], lv denied 9 NY3d 869 [2007]). We note that "[d]efendant was asked a number of questions during the plea proceedings to which he responded coherently and rationally, and there is no indication that defendant was unable to understand the implications of his decision to accept the plea offer" (People v Shackelford, 100 AD3d 1527, 1528 [4th Dept 2012], lv denied 21 NY3d 1009 [2013]). We conclude that "the plea allocution as a whole establishes that defendant understood the charges and made an intelligent decision to enter a plea" (People v Oswold, 151 AD3d 1756, 1756 [4th Dept 2017], lv denied 29 NY3d 1131 [2017] [internal quotation marks omitted]).
Defendant's sentence is not unduly harsh or severe.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court