People v Jones-Watkins (2026 NY Slip Op 00719)

People v Jones-Watkins

2026 NY Slip Op 00719

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

917 KA 24-00313

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vKENTON J. JONES-WATKINS, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN, FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Yates County (Jason L. Cook, J.), rendered January 9, 2024. The judgment convicted defendant upon a plea of guilty of aggravated criminal contempt. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of aggravated criminal contempt (Penal Law § 215.52 [3]), defendant contends that his waiver of the right to appeal is invalid because he provided monosyllabic answers to Supreme Court's questions during the waiver colloquy, and that his guilty plea was involuntarily entered because he gave monosyllabic responses to many questions during the plea colloquy. We affirm.
Initially, we conclude that defendant validly waived his right to appeal. The court's explanation of the appeal waiver tracked the appropriate model colloquy (see NY Model Colloquies, Waiver of Right to Appeal; see generally People v Thomas, 34 NY3d 545, 567 [2019], cert denied — US —, 140 S Ct 2634 [2020]) and, contrary to defendant's contention, the waiver was not rendered invalid by defendant's monosyllabic responses during the waiver colloquy (see People v Hoose, 236 AD3d 1294, 1295 [4th Dept 2025], lv denied 44 NY3d 993 [2025]; People v Burch, 234 AD3d 1246, 1246-1247 [4th Dept 2025], lv denied 43 NY3d 1006 [2025]).
Defendant's contention that his monosyllabic responses to the court's inquiries during the plea colloquy rendered his plea involuntary "is actually a challenge to the factual sufficiency of the plea allocution, which is encompassed by the valid waiver of the right to appeal" (People v Tapia, 158 AD3d 1079, 1079 [4th Dept 2018], lv denied 31 NY3d 1088 [2018] [internal quotation marks omitted]; see People v Kosmetatos, 178 AD3d 1433, 1433-1434 [4th Dept 2019], lv denied 35 NY3d 994 [2020]; People v Rodriguez, 173 AD3d 1840, 1841 [4th Dept 2019], lv denied 34 NY3d 953 [2019]). In any event, it is well settled that a defendant's monosyllabic responses to the court's questions during a plea colloquy do not render the resulting plea invalid (see People v Stehm, 227 AD3d 1463, 1464 [4th Dept 2024]; People v Pryce, 148 AD3d 1629, 1630 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court