*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 14, 2015                105804
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

SHAWN SHELMANDINE,
                    Appellant.
_____

Calendar Date:  March 31, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Clark, JJ.

_____

        Kelly M. Monroe, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered February 1, 2013, convicting defendant
upon his plea of guilty of the crime of grand larceny in the
third degree.

        In satisfaction of a two-count indictment, defendant
pleaded guilty to grand larceny in the third degree.  Under the
terms of the plea agreement, he was permitted to participate in
the drug court program and was advised that, if he successfully
completed it, he would be allowed to withdraw his plea, plead
guilty to petit larceny and be sentenced to time served.
Defendant was further advised that, if he did not successfully
complete the drug court program, he would be sentenced as a
nonviolent predicate felony offender to a prison term ranging
from a maximum of 3½ to 7 years to a minimum of 2 to 4 years.
Defendant did not successfully complete the drug court program

and was sentenced to 2 to 4 years in prison. He now appeals.

Defendant's sole contention is that County Court violated CPL 440.21 by failing to provide him with a copy of his predicate felony offender statement prior to sentencing him. However, given that he failed to raise an appropriate objection at sentencing, he has not preserved this claim for our review (see People v House, 119 AD3d 1289, 1290 [2014]; People v Morse, 111 AD3d 1161, 1161 [2013], lv denied 23 NY3d 1040 [2014]). In any event, upon reviewing the record, we find that there was substantial compliance with the statutory requirement (see People v House, 119 AD3d at 1290; People v Walton, 101 AD3d 1489, 1490 [2012], lv denied 20 NY3d 1105 [2013]).

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court