OPINION OF THE COURT
Dennis F. Bender, J.
The above named defendant was sentenced by this court on February 10, 2004 upon his plea of guilty to one count of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c] [i]). Pursuant to his moving papers, the defendant’s driver’s license was revoked in 2013. The revocation was based upon 15 NYCRR 136.5 (b), which was originally enacted on September 22, 2012. The defendant claims this is an ex post facto law and that his conviction must be vacated because “[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.” (CPL 440.10 [1] [h].) In support, the defendant cites People v Luther (41 Misc 3d 185 [E Rochester Just Ct 2013], affd 48 Misc 3d 699 [Monroe County Ct 2014]).
The matter was deemed to be on submission on June 8, 2015. Having reviewed the moving papers and considered the issues raised, I now find and decide as follows.
I do not agree with the Luther court that CPL 440.10 is applicable. To hold that the failure to advise the defendant of a consequence then not in existence somehow renders the judgment of conviction to have been obtained in violation of due process or any other constitutional right defies both logic and common sense.* This is not to say that 15 NYCRR part 136 does not violate the constitutional proscription against ex post facto laws. Such is not an issue this court must reach, however. The defendant’s grievance lies with the enactment and enforcement of the new regulation, not the manner of his conviction.
In any event,
“[t]he court ‘has no obligation to explain to defendants who plead guilty the possibility that collateral consequences may attach to their criminal convic *380 tions’ (People v Catu, 4 NY3d 242, 244 [2005]; see generally People v Jones, 118 AD3d 1360, 1361 [2014]). The Court of Appeals has expressly stated that the loss of a driver’s license’ is a collateral consequence of a conviction (People v Ford, 86 NY2d 397, 403 [1995]), and we have accordingly held that a ‘court’s failure to disclose that consequence during the plea colloquy does not warrant vacatur of the plea’ (People v Gerald, 103 AD3d 1249, 1250 [2013]).” (People v Trathen, 121 AD3d 1594, 1595 [4th Dept 2014].)
The motion is in all respects denied.

 “ T only wish I had such eyes,’ the King remarked in a fretful tone. ‘To be able to see Nobody! And at that distance, too!’ ” (Lewis Carroll, Through the Looking-Glass, and What Alice Found There [1871].)