■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMEL GARRAWAY, Also Known as PM, Appellant. [39 NYS3d 824]——

Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered April 30, 2015, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea of guilty was not knowingly, intelligently, and voluntarily entered because at the time of the plea he was not advised that his driver license would be suspended for six months. This issue is unpreserved for appellate review since the defendant did not move to vacate his plea prior to the imposition of sentence or otherwise raise the issue at sentencing (*see People v Crowder*, 24 NY3d 1134, 1136 [2015]; *People v Peque*, 22 NY3d 168, 182 [2013]; *People v Murray*, 15 NY3d 725, 726-727 [2010]). In any event, contrary to the defendant's contention, the suspension of his driver license in this case was a collateral, not a direct, consequence of his plea of guilty (*see People v Ford*, 86 NY2d 397, 403 [1995]; *People v Trathen*, 121 AD3d 1594, 1595 [2014]; *People v Gerald*, 103 AD3d 1249, 1250 [2013]; *People v Goss*, 286 AD2d 180, 182 [2001]). The court had no obligation to apprise the defendant of the collateral consequences of the plea (*see People v Peque*, 22 NY3d at 184; *People v Gravino*, 14 NY3d 546, 553 [2010]; *People v Ford*, 86 NY2d at 403). Accordingly, the defendant's plea was not rendered unknowing, involuntary, or unintelligent by the failure to advise him at the time of the plea of the suspension of his driver license.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Austin, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.