■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM WILLIAMS, Appellant. [56 NYS3d 357]—

Garry, J.P. Appeal from a judgment of the County Court of Greene County (Tailleur, J.), rendered June 10, 2014, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a six-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. County Court thereafter sentenced defendant, as a second felony drug offender, to a prison term of 10 years, to be followed by three years of postrelease supervision, to be served concurrently with the sentence that defendant was already serving. Defendant now appeals.

We affirm. Defendant's challenge to County Court's denial of his request for a *Wade* hearing is precluded by his unchallenged waiver of the right to appeal (*see People v Walton*, 101 AD3d 1489, 1490 [2012], *lv denied* 20 NY3d 1105 [2013]; *People v Barrier*, 7 AD3d 885, 886 [2004], *lv denied* 3 NY3d 670 [2004]). His claim that his plea was not voluntarily entered because it was coerced survives his appeal waiver, but is unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion (*see People v Lobaton*, 140 AD3d 1534, 1535 [2016], *lv denied* 28 NY3d 972 [2016]; *People v Conley*, 135 AD3d 1238, 1238-1239 [2016]). Moreover, the narrow exception to the preservation rule is not applicable, as defendant made no statements during the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Forest*, 141 AD3d 967, 968-969 [2016], *lv denied* 28 NY3d 1145 [2017]).

Defendant also claims that he was denied due process on the ground that his plea was involuntary because he was not advised at the time of the plea that it would result in his driver's license being suspended for six months. The record reflects that defendant was advised of the suspension of his driver's license at the sentencing hearing, prior to the imposition of the sentence. Defendant was thus provided an opportunity to challenge the voluntariness of his plea in this regard, but failed to do so. Accordingly, this issue is also unpreserved for our review (*see People v Peque*, 22 NY3d 168, 182-183 [2013]; *People v Murray*, 15 NY3d 725, 726-727 [2010]; *People v Garraway*, 144 AD3d 703, 703 [2016]; *People v Gerald*, 103 AD3d 1249, 1250

[2013]). In any event, the suspension of his driver's license was a collateral consequence of defendant's guilty plea and the failure to disclose this consequence during the plea colloquy does not warrant vacatur of the plea (*see People v Peque*, 22 NY3d at 184-185; *People v Ford*, 86 NY2d 397, 403 [1995]; *People v Garraway*, 144 AD3d at 703; *People v Gerald*, 103 AD3d at 1250).

Defendant's claim of ineffective assistance of counsel survives his appeal waiver, insofar as the alleged ineffective assistance impacts the voluntariness of plea, but is also unpreserved for our review for lack of an appropriate postallocution motion (*see People v Cox*, 146 AD3d 1154, 1154-1155 [2017]; *People v Macon*, 142 AD3d 739, 739 [2016], *lv denied* 28 NY3d 1073 [2016]). To the extent that defendant's ineffective assistance of counsel claim involves matters outside of the record, it is more properly pursued in a motion pursuant to CPL article 440 (*see People v Lewis*, 143 AD3d 1183, 1185 [2016]; *People v Pickett*, 128 AD3d 1275, 1276 [2015], *lv denied* 26 NY3d 930 [2015]). Finally, defendant's contention that he was improperly sentenced as a second felony drug offender because County Court violated CPL 400.21 (3) by failing to give him an opportunity to contest the allegations contained in the prior felony information is unpreserved for our review as he failed to object at sentencing (*see People v Shelmandine*, 128 AD3d 1180, 1180-1181 [2015]; *People v House*, 119 AD3d 1289, 1290 [2014]). In any event, the record reflects that County Court substantially complied with the statutory requirements (*see People v Shelmandine*, 128 AD3d at 1181; *People v Walton*, 101 AD3d at 1490).

Lynch, Rose, Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed.