The People of the State of New York, Appellant,
against
John Hill, Respondent.




Orange County District Attorney (Robert H. Middlemiss, Esq.), for appellant.
Law Office of David Fried, PC (David Gorelick, Esq.), for respondent.

Appeal from an order of the Justice Court of the Town of Washingtonville, Orange County (Stephen J. Smith, J.), dated February 16, 2016. The order, insofar as appealed from, granted the branch of defendant's motion pursuant to CPL 440.10 seeking to vacate a judgment of that court rendered May 24, 2014, convicting him, after a nonjury trial, of driving while ability impaired, on the ground that he had received the ineffective assistance of counsel, and directed a new trial.




ORDERED that the order, insofar as appealed from, is reversed, on the law, and the branch of defendant's motion seeking to vacate the judgment of conviction on the ground that he had received the ineffective assistance of counsel is denied.
Following defendant's arraignment on accusatory instruments charging him with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and failing to drive on the right side of the roadway (Vehicle and Traffic Law § 1120 [a]), respectively, defendant rejected the People's offer to plead guilty to driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) in satisfaction of the charges. With the approval of the court, defendant and his trial attorney signed a "Waiver of Jury Trial" form, which states that it was executed in "open court" before the judge. Following a nonjury trial, defendant was convicted of driving while ability impaired and, as part of his sentence, defendant's driver's license was suspended for 90 days. Upon the expiration of the 90-day period, defendant filed an application with the Department of Motor Vehicles to reinstate his driver's license. The application was denied, and [*2]defendant was informed that he had to wait until 2019 to apply for another driver's license. 
Thereafter, defendant moved to vacate the judgment of conviction, pursuant to CPL 440.10 (1) (h), on the grounds that the record is devoid of any indication that he had knowingly and intelligently waived his right to a jury trial in open court, and that he had received the ineffective assistance of counsel. In his sworn allegations in support of the motion, defendant stated, among other things, that his trial attorney had been ineffective because the attorney had failed to advise him regarding the direct or collateral consequences of his jury waiver, and of the possibility that the suspension of his driver's license would be continued administratively after the court's 90-day suspension expired. Defendant also stated that, had he been aware of the administrative consequences of his conviction, he would have "zealously sought to procure a plea deal so as to maintain [his] driver's license," or would have "sought a trial by jury." In their affirmation in opposition to the motion, the People asserted, among other things, that, due to defendant's extremely poor driving history, his trial attorney would have been unable to negotiate a better disposition than that which had been achieved after trial. By order dated February 16, 2016, the Justice Court granted the branch of the motion seeking to vacate the judgment of conviction on the ground that defendant had received the ineffective assistance of counsel and ordered a new trial. The order denied the branch of defendant's motion seeking to vacate the judgment of conviction on the ground that the record is devoid of any indication that he had knowingly and intelligently waived his right to a jury trial in open court. This appeal by the People ensued.
Generally, the failure of a defendant's trial attorney to advise a defendant of the collateral consequences he might face following a conviction after trial does not amount to the ineffective assistance of counsel (see e.g. People v Baret, 23 NY3d 777, 784-785 [2014]). Therefore, the failure of defendant's trial attorney to inform defendant of the possibility that the reinstatement of his driver's license might be administratively denied, a collateral consequence, is not a legal ground upon which defendant can obtain relief (see e.g. People v Williams, 150 AD3d 1549 [2017]; People v Garraway, 144 AD3d 703 [2016]). Moreover, to the extent defendant argues that, had he been aware of the administrative consequences of his conviction, he would have "sought a trial by jury" because he would have received a better outcome with a jury trial, we find that this argument is purely speculative and does not establish the ineffective assistance of counsel (see People v Nicholson, 118 AD3d 1423, 1425 [2014]) or warrant a hearing (see People v Ford, 46 NY2d 1021, 1023 [1979]; People v Ozuna, 27 AD3d 339, 340 [2006]). To the extent defendant argues that, had he been aware of the administrative consequences of his conviction, he would have "zealously sought to procure a plea deal so as to maintain [his] driver's license," we find this argument also lacks merit. Defendant was convicted of driving while ability impaired, which was the same offense offered by the People in their plea deal. The People assert that, due to defendant's driving history, defendant's trial attorney would not have been able to negotiate a better disposition than the outcome that defendant had received after trial. Thus, defendant has failed to show that he would have been in a better position if his attorney had "zealously sought to procure a plea deal so as to maintain [defendant's] driver's license."
In view of the foregoing, inasmuch as defendant failed to show any ground constituting a legal basis for the branch of his motion seeking to vacate the judgment of conviction based on a claim of ineffective assistance of counsel, this branch of defendant's motion should have been [*3]denied without a hearing (see CPL 440.30 [4] [a]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of defendant's motion seeking to vacate the judgment of conviction on the ground that defendant received the ineffective assistance of counsel is denied. 
MARANO, P.J., TOLBERT and BRANDS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017