People v Thomas (2019 NY Slip Op 09062)





People v Thomas


2019 NY Slip Op 09062


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

109309

[*1]The People of the State of New York, Respondent,
v
Edward Lee Thomas, Appellant.

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.


Amanda FiggsGanter, Albany, for appellant.
P. David Soares, District Attorney, Albany (Robert Max Beyer of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered December 7, 2016, convicting defendant upon his plea of guilty of the crimes of grand larceny in the third degree and forgery in the second degree.
In August 2016, defendant was charged in an indictment with one count of grand larceny in the third degree and 25 counts of forgery in the second degree. In full satisfaction of the indictment, defendant pleaded guilty to grand larceny in the third degree and forgery in the second degree and waived his right to appeal. Thereafter, consistent with the terms of the negotiated plea agreement, County Court sentenced defendant to concurrent prison terms of 2 to 6 years. Defendant appeals.
We affirm. Although defendant's challenge to the voluntariness of his plea is not precluded by his unchallenged appeal waiver (see People v Castro, 170 AD3d 1286, 1287-1288 [2019], lv denied 33 NY3d 1029 [2019]; People v Gorman, 165 AD3d 1349, 1350 [2018], lv denied 32 NY3d 1125 [2018]), this claim "is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion despite having had ample opportunity to do so prior to sentencing" (People v Gorman, 165 AD3d at 1349; see People v Blackburn, 164 AD3d 960, 961 [2018]; People v Conley, 161 AD3d 1486, 1486-1487 [2018]). Moreover, the narrow exception to the preservation rule is inapplicable here, as defendant did not make any statements that were inconsistent with his guilt or cast doubt on the voluntariness of his plea (see People v Williams, 27 NY3d 212, 220 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]).
Similarly, to the extent that defendant's ineffective assistance of counsel claim concerns the voluntariness of his plea, it survives his unchallenged appeal waiver (see People v Gardiner, 159 AD3d 1233, 1234 [2018], lv denied 31 NY3d 1082 [2018]; People v Williams, 150 AD3d 1549, 1551 [2017]; People v Taylor, 144 AD3d 1317, 1318 [2016], lvs denied 28 NY3d 1144, 1151 [2017]), but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Gorman, 165 AD3d at 1350; People v Young, 158 AD3d 955, 956 [2018], lv denied 31 NY3d 1090 [2018]; People v Perkins, 140 AD3d 1401, 1402-1403 [2016], lv denied 28 NY3d 1126 [2016]). We do not agree with defendant that his claim warrants the exercise of our interest of justice jurisdiction to take corrective action (see CPL 470.15 [3]). The claim, in any event, involves matters outside of the record on appeal that are more properly raised in a CPL article 440 motion (see People v Williams, 163 AD3d 1172, 1173 [2018], lv denied 32 NY3d 1009 [2018]; People v Rutigliano, 159 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1121 [2018]).
Egan Jr., J.P., Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.