People v DiTore (2022 NY Slip Op 05541)

People v DiTore

2022 NY Slip Op 05541

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-02831
2021-02832
 (Ind. No. 1997/10)

[*1]The People of the State of New York, appellant,
v
Anthony DiTore, respondent.

Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell and Daniel Bresnahan of counsel), for appellant.
Barket Epstein Kearon Aldea & LoTurco, LLP, Mineola, NY (Danielle Muscatello and Donna Aldea of counsel), for respondent.

DECISION & ORDER
Appeals by the People from (1) an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered March 17, 2021, and (2) an amended order of the same court entered March 22, 2021, which granted, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court (Philip Grella, J.) rendered February 3, 2011, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), aggravated unlicensed operation of a motor vehicle in the third degree, and speeding, upon his plea of guilty, and imposing sentence.
ORDERED that the appeal from the order is dismissed, as that order was superseded by the amended order; and it is further,
ORDERED that the amended order is reversed, on the law, the defendant's motion pursuant to CPL 440.10 to vacate the judgment rendered February 3, 2011, is denied, the order is vacated, and the judgment is reinstated.
On December 1, 2010, the defendant appeared before the Supreme Court and pleaded guilty to various offenses in connection with an alleged instance of his driving under the influence of alcohol. The court informed the defendant that, as a condition of his plea, "[y]our license and driving privileges will be revoked for one year." The defendant indicated that he understood. The defendant then admitted that, on June 4, 2010, in Bethpage, Nassau County, he drove a motor vehicle at an unreasonable speed, while intoxicated, and while his driver license was suspended. In a judgment rendered February 3, 2011, the defendant was convicted of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2), driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3), aggravated unlicensed operation of a motor vehicle in the third degree, and speeding, and he was sentenced in accordance with his plea.
In September 2012, the New York State Department of Motor Vehicles (hereinafter the DMV) adopted regulations found at 15 NYCRR 136.5(a)(3) and (b)(2). By letter dated December 4, 2012, the DMV informed the defendant that pursuant to those regulations, and in light [*2]of his history of alcohol-related driving convictions or incidents, his application to reinstate his driver license was denied.
On September 22, 2020, the defendant moved pursuant to CPL 440.10 to vacate the judgment rendered February 3, 2011, on the ground that the Supreme Court failed to inform him that pleading guilty could result in the permanent revocation of his driver license and, thus, his right to due process was violated. In support of the motion, the defendant submitted his own affidavit, in which he stated, "I was never advised, either by the court, or by my attorneys that my conviction would actually cause my driver's license to be permanently revoked. Instead, both the court and my attorney specifically advised me that my driver's license would be revoked for one year, and that after the one-year period, I would be able to re-apply for my license." The defendant stated that he would not have pleaded guilty if he had known that his plea of guilty would have led to the permanent loss of his driver license, and he would have taken his chances at trial. The defendant also stated that he had joined a class action lawsuit challenging the validity of the subject regulations, which reached the Court of Appeals, and the Court of Appeals ultimately upheld the validity of the subject regulations (see Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202).
The People opposed the motion on the ground that the Supreme Court had no obligation to explain to the defendant that his plea of guilty could result in the permanent loss of his driver license, since, inter alia, the subject regulations did not exist at the time the defendant pleaded guilty.
In an amended order entered March 22, 2021, the Supreme Court granted the defendant's motion to vacate the judgment, vacated the defendant's plea of guilty, and directed that the matter be restored to the trial calendar. The People appeal.
The Supreme Court erred in granting the defendant's motion to vacate the judgment on the ground that his due process rights were violated. The subject regulations that led to the denial of the defendant's application to restore his driver license did not exist at the time he pleaded guilty, and the defendant failed to identify any conduct that occurred during the plea proceedings that constituted a violation of his due process rights (see People v Avital, 64 Misc 3d 483 [Town of East Fishkill Just Ct, Dutchess County]; People v Wheaton, 49 Misc 3d 378 [Seneca County Ct]). "The defendant's grievance lies with the enactment and enforcement of the new regulation, not the manner of his conviction" (People v Wheaton, 49 Misc 3d at 379).
Moreover, the loss of a driver license is a collateral consequence of a plea of guilty and is not a consequence within the control of the court system (see People v Peque, 22 NY3d 168, 185). The Supreme Court had no duty to inform the defendant of this consequence during the plea colloquy (see People v Garraway, 144 AD3d 703). As the Court of Appeals stated in Matter of Acevedo v New York State Dept. of Motor Vehs. (29 NY3d at 220), "the Commissioner [of the DMV] will have exclusive authority over post-revocation relicensing, and . . . those relicensing determinations will be discretionary."
Furthermore, the instant record does not contain a promise from the Supreme Court that the defendant would definitely get his driver license back following the one-year revocation. The court informed the defendant simply that, "[y]our license and driving privileges will be revoked for one year." The defendant himself stated in his affidavit that he was told that, "after the one-year period, I would be able to re-apply for my license." There was no promise that the defendant's driver license would be automatically reinstated following the one-year revocation.
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment.
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court