People v Hanlon (2023 NY Slip Op 51387(U))

[*1]

People v Hanlon (Joel)

2023 NY Slip Op 51387(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY S. DRISCOLL, JJ

2022-353 D CR

The People of the State of New York, Appellant, v
against
Joel S. Hanlon, Respondent. 

Dutchess County District Attorney (Anna K. Diehn of counsel), for appellant.
Edward T. McCormack, for respondent.

Appeal from an order of the Justice Court of the Town of LaGrange, Dutchess County (Susan Sullivan-Bisceglia, J.), dated April 26, 2021. The order granted defendant's motion to vacate a judgment of that court rendered November 1, 2005 convicting defendant, upon his plea of guilty, of driving while intoxicated (common law), and to dismiss the accusatory instrument.

ORDERED that the order is reversed, on the law, and defendant's motion to vacate the judgment of conviction and dismiss the accusatory instrument is denied.
On November 1, 2005, defendant was convicted, upon his guilty plea, of driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]). In November 2020, defendant moved to vacate the 2005 judgment of conviction and to dismiss the accusatory instrument in the interest of justice. Defendant alleged in his supporting affidavit that his guilty plea was not knowingly, voluntarily and intelligently entered because he was not fully advised, in 2005, of the consequences of pleading guilty. More specifically, he did not know that, in 2012, the Department of Motor Vehicles (DMV) would promulgate a regulation which provided that, upon a third driving or alcohol-related conviction within a 25-year period, the amount of time a driver's license could be revoked would be increased (see 15 NYCRR § 136.5 [b] [3]). By order dated April 26, 2021, the Justice Court granted defendant's motion and dismissed the accusatory instrument. 
As this court held in People v Niedermeier (52 Misc 3d 135[A], 2016 NY Slip Op 51033[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]), "the loss of a driver's license is a collateral consequence to a guilty plea of which a defendant need not be informed" (see also People v Morris, 161 AD3d 1219, 1220 [2018]; People v Williams, 150 AD3d 1549, 1551 [2017]; People v Gerald, 103 AD3d 1249, 1249-1250 [2013]). In any event, here, the 2012 [*2]DMV regulation at issue did not exist to be warned of in 2005 (see People v Maggio, 210 AD3d 798, 799 [2022]; People v DiTore, 209 AD3d 665, 667 [2022]).
Accordingly, the order is reversed and defendant's motion to vacate the judgment of conviction and dismiss the accusatory instrument is denied.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023