People v Bajramaj (2024 NY Slip Op 50815(U))

[*1]

People v Bajramaj

2024 NY Slip Op 50815(U)

Decided on May 24, 2024

City Court Of Yonkers

D., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 24, 2024
City Court of Yonkers

The People of the State of New York

against
Samih Bajramaj, Defendant

Docket No. CR-0541-98/TZ0880121

Zev Goldstein, Esq.
The Law Offices of Zev Goldstein, PLLC
PO Box 952
450 Route 304
New City, NY 10956
Alexandra R Bisesi, Esq.
Associate Corporation Counsel
City of Yonkers, Dept. of Law
40 South Broadway
City Hall Room 300
Yonkers, NY 10701

Medina. Ada D., J.

The following papers, numbered 1-4, were read and considered on defendant's motion to reargue a motion to renew.
Papers Numbered
Notice of Motion and Affidavits Annexed 1
Filed Papers 2,3,4
Motion to Reargue
On March 19, 2024, defendant filed the instant motion to reargue a prior motion to renew. This is defendant's fourth (4th) motion stemming from an initial coram nobis motion to vacate a guilty plea. This Court has DENIED defendant's prior motions (Decision and Orders dated July 25, 2023; January 30, 2024; and March 14, 2024). Defendant has not appealed any of the prior Decision and Orders and fails to support his assertion that he cannot appeal a coram nobis determination (CPL §§ 450.10, 450.15; see generally People v. Jones, 24 NY3d 623 [2014]). After review of defendant's instant motion and upon oral arguments presented on May 3, 2024, this Court again hereby DENIES defendant's motion.
At the outset, this Court declines to address defendant's arguments that his life and employment circumstances have been affected by his plea of guilty and subsequent lifetime revocation of his driver's license. This Court addressed and ruled on this argument in its initial [*2]Decision and Order and affirms said determination. Furthermore, this Court is not persuaded by defendant's argument that the collateral consequences doctrine does not apply to the instant matter because defendant pled guilty to a Vehicle and Traffic Law infraction rather than a criminal conviction (see People v. Maggio, 210 AD3d 798 [App. Div. 2nd Dep't 2022]; People v. DiTore, 209 AD3d 665 [App. Div. 2nd Dep't 2022]). Rather, this Court continues to deny defendant's motion on the same basis as this Court's original Decision and Order. 
This Court again finds defendant is not entitled to withdraw his guilty plea, regardless of the fact he pled to a violation and not a crime, as his license revocation is a collateral consequence of his plea (see People v. O'Neill, 80 Misc 3d 126[A] [App. Term 2nd Dep't, 9th & 10th Jud. Dists. 2023] [holding the collateral consequence of a lifetime license revocation does not invalidate defendant's guilty plea for failure to stop at a stop sign [Vehicle and Traffic Law § 1172 [a]]; see also People v. Mavroudis, 82 Misc 3d 428 [Sup. Ct. Albany County 2023] [denying coram nobis relief based on a guilty plea to disobeying a traffic control device [Vehicle and Traffic Law § 1110[a]]).
Based on the foregoing, defendant's motion is hereby DENIED with prejudice.
Sanctions
On May 3, 2024, the People made an oral application seeking $1,500.00 in sanctions against defendant. Thereafter, upon this Court's own initiative, and having considered the People's arguments, and providing defendant with a reasonable opportunity to be heard, this Court hereby imposes sanctions in this matter (22 NYCRR 130-1.1[d]). 
Defendant asserts this Court is not authorized to impose civil sanctions. However, "a prosecution for a traffic infraction is a civil action, not a criminal action" (Mavroudis, 82 Misc 3d at 434; citing Gen. Const. Law § 18-a (a "criminal action is an action prosecuted by the People "against a party charged with a crime"); Gen Const. Law § 16-a (a "civil action" is any action other than an action prosecuted by the People "against a party charged with a crime")).
This Court finds defense counsel has engaged in frivolous conduct by filing four (4) motions seeking the same and/or similar relief which are "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c][1]). The motions submitted by defense counsel disregard established and controlling appellate authority. This Court finds the imposition of $100.00 in sanctions appropriate based on defense counsel's lack of following established caselaw, as recourse for the time and resources expended by this Court and the City of Yonkers in addressing defendant's motions, and as a deterrent to defendant to file additional motions. 
Defense counsel, Zev Goldstein, Esq., is hereby ORDERED and DIRECTED to deposit $100.00 with the Lawyers' Fund for Client Protection established pursuant to section 97-t of the State Finance Law (22 NYCRR 130-1.3).
Contempt
Defense counsel is hereby advised the filing of additional motions in this matter concerning the same and/or similar relief will result in this Court considering contempt proceedings pursuant to Judiciary Law § 753.